**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA

       Plaintiff,

v.                                                                  Case No. 13-15019

FREDRICK J. CRISSEY,

       Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATE SERVICE
AND GRANTING MOTION TO EXTEND TIME FOR SERVICE**

Before the court is Plaintiff's motion for alternate service.  Plaintiff states service of process cannot reasonably be made upon Defendant Fredrick J. Crissey, and that it appears Defendant has been evading service.  The court is not convinced that Plaintiff has shown that service cannot reasonably be made by traditional means, and will therefore deny the motion without prejudice.  Because this motion was pending when Defendant requested that the court extend the time for service, the court will grant an additional 30 days to effectuate service.

Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located.  Fed. R. Civ. P. 4(e)(1).  Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  Mich. Ct. R. 2.105(I)(1).  Plaintiff asks the court for permission to effect service by "alternate means," but does not suggest what alternate means would reasonably ensure actual notice.  At this stage in the

litigation, however, it does not matter, as the court is not persuaded that alternative service is warranted.  Plaintiff has not made the requisite showing, under Michigan law, that "that service of process cannot reasonably be made as provided" otherwise.  Mich. Ct. R. 2.105(I)(1).

The attached affidavit of the process server indicates that service was attempted at 346 Blunk Street, in Plymouth, Michigan, on five different occasions, twice in the "morning" on Sundays, twice in the "afternoon" on weekdays, and once at an unspecified time on Saturday.  The court is not convinced that these unsuccessful attempts, at these particular times, evince an effort to evade service.  No further information is given as to what was observed at the residence, or what times service was attempted.  Additionally, the court notes that it is not uncommon for people to be away from their residence on weekday afternoons or on Sunday mornings.  The court is not, at this point, persuaded that Plaintiff's counsel has diligently explored all potential leads to exhaust service attempts through traditional means.  Thus, Plaintiff has not yet made an adequate showing that Defendant cannot be located with reasonable diligence and that service of process cannot reasonably be made as provided in the rules.  The motion for alternate service will be denied without prejudice.  Pursuing the motion, however, is enough to constitute "good cause" to extend the time for service under Federal Rule of Civil Procedure 5(m).  Accordingly,

IT IS ORDERED that Plaintiff's motion for alternate service [Dkt. # 3] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to extend time for service [Dkt.
# 4] is GRANTED.  Plaintiff shall have an additional seven weeks from the issuance of
this order to effectuate service on Defendant.

           s/Robert H. Cleland
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated:  April 25, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, April 25, 2014, by electronic and/or ordinary mail.

           s/Lisa Wagner
           Case Manager and Deputy Clerk
           (313) 234-5522